UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| Nam Ba NGUYEN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ORANGE COUNTY DISTRICT ATTORNEY,<br><br>　　　　Defendant. | Case No. SA CV 22-cv-01684-DOC (PLA)<br><br><br>ORDER REVOKING PLAINTIFF'S IFP STATUS AND DISMISSING ACTION WITH PREJUDICE |

Nam Ba Nguyen ("Plaintiff") initiated this action on September 12, 2022, by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint" or "Compl.") (Dkt. 1), along with a Request to Proceed Without Prepayment of Filing Fees ("IFP Request"). (Dkt. 2). The Court previously granted Plaintiff's IFP Request after Plaintiff demonstrated that he is not able to pay the filing fee. (Dkt. 4). Upon closer review of Plaintiff's Complaint since Plaintiff was granted *in forma pauperis* ("IFP") status had been granted—as well as his claims in the other six cases he filed before this Court —the Court dismisses the action for lack of subject matter jurisdiction.

For reasons discussed below, Plaintiff's IFP status is **REVOKED** and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

I.   BACKGROUND

On September 12, 2022, plaintiff, a state prisoner presently being detained at the Patton State Hospital in Patton, California ("State Hospital"), filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. (Compl.). Plaintiff's Complaint names only one defendant, Orange County District Attorney George Turner, in both his individual and official capacities. (Compl. at 3). Plaintiff alleges that the District Attorney used "third party to engaged [sic] in misconduct, impersonated another person to obtain court order for release [sic] the imposter." (*Id.*). The Complaint does not list any incident dates (*Id.*), and plaintiff indicates that his civil rights were violated at the "Orange County Superior Court" (*id.* at 2).

For purposes of his recently filed actions, plaintiff is considered to be a "prisoner."[1] *See, e.g., Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000) ("[I]ndividuals who, at the time they

---

[1] Among the exhibits that plaintiff attached to his pleading in his Case No. 22-cv-01343 is one that is dated August 25, 2021. It is entitled "Psychological Evaluation & Competency to Stand Trial" ("Evaluation"), by Dr. Kara L. Cross. In the Evaluation, Dr. Cross offered the opinion that plaintiff "is not competent to stand trial" and recommended that plaintiff "be placed in an inpatient setting with an individualized competency restoration treatment plan." (Case No. 22-cv-01343, Dkt. 1 at 19-22). Under Dr. Cross' signature, she states that she is a "Licensed Clinical Psychologist." (Id. at 22). Plaintiff also attached copies of what appear to be portions of the record in two criminal cases against him in the Superior Court of the State of California, County of Orange, Case No. 20CF2719 and Case No. 21WF1237, which reflect that one or more Mental Health Competency hearings were held pursuant to California Penal Code section 1368. (*Id.* at 12, 14-15, 17). In another one of the actions that plaintiff recently filed, Case No. 22-cv-01457, 2 Case 8:22-cv-01684-DOC-PLA Document 6 Filed 10/19/22 Page 2 of 13 Page ID #:36 plaintiff states that he is "under civil commitment." (Case No. 22-cv-01457, Dkt. 1 at 5). However, according to the exhibits attached to plaintiff's pleading in another action, plaintiff has been temporarily detained

seek to file their civil actions, are detained as a result of being accused of, convicted of, or sentenced for criminal offenses are 'prisoners' within the definition of 42 U.S.C. § 1997e and 28 U.S.C. § 1915."); *Cormier v. Riverside Cnty. Dist. Attorney*, 2019 U.S. Dist. Lexis 133917 (C.D. Cal. Aug. 8, 2019) (applying 28 U.S.C. §1915(g) to a prisoner who was being detained at Patton State Hospital after having been found incompetent to stand trial).

Plaintiff's Complaint alleges that District Attorney Turner engaged in "corruption, misconduct" and used an "imposter" or "informer" to participate in a court hearing "to obtain the court order in their [sic] favor," and that unspecified people abused "authority" to access the "court system to change information" and tamper "with court minutes [sic] order and or transcripts to harm people's case." (Compl. at 3-4). The only specific facts that plaintiff alleges in this action are that he was detained on November 15, 2019, "by Newport Beach [sic] for carry [sic] a dirk"; on November 19, 2019, during his arraignment, his request to proceed pro per was improperly denied; and, on January 3, 2020, plaintiff's unspecified public defender filed a motion to dismiss. (*Id.* at 4-5).

Plaintiff also alleges that, on April 2, 2020, he "was force [sic] to accept a plea guilty" to a case that had "already been dismiss [sic] on January 17, 2020." (*Id.*). On December 10, 2021, an unspecified "Court terminate the probation term for the imposter whom [sic] using [plaintiff's] case and name." (*Id.*). Plaintiff filed a habeas petition in January 2022, which according to Plaintiff, was wrongfully denied. (*Id.* at 5-6).

Finally, plaintiff alleges that the has served two and one-half years "for the case that has been dismiss [sic] on January 17, 2020." (*Id.* at 6). In the alleged facts, plaintiff cites an "attachment" and his Exhibits 1-5. (*Id.* at 4-6). In the attached "Exhibit #1," plaintiff further discusses a January 16, 2020, hearing on a motion to dismiss, the fact that the District Attorney re-filed a case against plaintiff, and the use of a "third party" to "conduct the hearing to obtain the court order for release." Plaintiff cites an attached copy of records from his Superior Court Case No. 20HF0099. (*Id.* at 8-10).[2]

---

as an inpatient at a State Hospital to pursue an "individualized competency restoration treatment plan" so that he may be restored to competency and stand trial on criminal charges in multiple cases. (Case No. 22-cv-01343, Dkt. 1 at 19-22).
[2] The Exhibits that plaintiff cites are records from his Case No. 19HF1603 in the Superior Court of the State of California, County of Orange. (Id. at 12-13, 15-16). In his Exhibit 4, a Superior Court Minute Order from Case No. 20HF0099 reflects

## II.   LEGAL STANDARD

A complaint may be dismissed as a matter of law for failure to state claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts alleged under a cognizable legal theory. *See, e.g.*, *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017); see also Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) ("In determining whether a complaint should be dismissed for failure to state a claim under the [PLRA], we apply the familiar standard of Fed. R. Civ. P. 12(b)(6).").

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* In determining whether a complaint states a claim to relief that is plausible on its face, factual allegations are accepted as true and construed in the light most favorable to plaintiff. *See, e.g., Soltysik v. Padilla*, 910 F.3d 438, 444 (9th Cir. 2018). The rule of liberal construction applies with extra force to pleadings filed by pro se litigants in civil rights cases. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013); *Pouncil v. Tilton*, 704 F.3d 568, 574-75 (9th Cir. 2012) (the rule of liberal construction "protects the rights of pro se litigants to self-representation and meaningful access to the courts"). Nonetheless, a pro se plaintiff must still meet the minimum factual and legal basis for each claim sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

---

that plaintiff entered a guilty plea on two counts on April 2, 2020. (Id. at 17-18). Arising from these facts and Exhibits, plaintiff purports to allege that he was falsely imprisoned and that his Fourth Amendment, Sixth Amendment, and due process rights were violated by District Attorney Turner. (Dkt. 1 at 4, 7). Plaintiff also points to his Exhibit 2, where he again alleges that the District Attorney used "another person" to "conduct the court hearing under [plaintiff's] name and case to obtain the court order to dismiss and release." (Id. at 11).

Additionally, a federal court has an "independent obligation" to assure itself of jurisdiction before proceeding to the merits of any case. *See, e.g., Johnson v. Guzman Chavez*, 141 S. Ct. 2271, 2292 (2021); *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring Servs. of Am. v. Eggert*, 953 F.2d 552, 554 (9th Cir. 1992). A plaintiff must present a federal question on the face of a complaint. *See Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998).

### III. DISCUSSION

**A. Claims Against District Attorney Turner in his Official Capacity**

In this action, plaintiff names District Attorney Turner in his official capacity. (Compl. at 3). An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 166 (emphasis in original). Accordingly, plaintiff's claims against District Attorney Turner in his official capacity are the same as claims against the Orange County District Attorney's Office. Further, in California, a District Attorney and the District Attorney's Office act as agents of the state while preparing and prosecuting a criminal action, as is alleged herein by plaintiff. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (a district attorney's office "acts as a state office with regard to actions taken in its prosecutorial capacity, and [it] is not subject to suit under § 1983"); *Del Campo v. Kennedy*, 517 F.3d 1070, 1073 (9th Cir. 2008) (district attorneys in California "act as state officials, and so possess Eleventh Amendment immunity, when 'acting in [their] prosecutorial capacity'" (alteration in original)); *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1031 (9th Cir. 2000) (holding that "a California district attorney is a state officer when deciding whether to prosecute an individual").

The Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity

or Congress abrogates it. *Pennhurst St. School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court. *See BV Eng'g v. Univ. of Cal.*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Atascadero St. Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution does not constitute a waiver of California's Eleventh Amendment immunity), superseded on other grounds as stated in Lane v. Pena, 518 U.S. 187, 197-200 (1996).

Thus, Plaintiff's claims against Turner in his official capacity necessarily fail.

**B. Claims Against District Attorney Turney in his Individual Capacity**

Plaintiff also brings claims against District Attorney Turner in his individual capacity for his role as the prosecutor in state court criminal actions against plaintiff, and plaintiff seeks monetary damages. (Compl. 1 at 3, 7). But the only facts that plaintiff alleges that appear to pertain to District Attorney Turner are that an "imposter" acting in plaintiff's place was "used" in a hearing in one of plaintiff's criminal cases, and actions taken during one or more hearings were not properly reflected in the records of the Superior Court. *Id.*

Plaintiff does not allege that District Attorney Turner personally took any specific action other than re-filing a charge against plaintiff after one of the criminal actions against plaintiff was dismissed, which falls within the scope of District Attorney Turner's responsibility to make decisions regarding pursuing criminal prosecutions against plaintiff on behalf of the state. (*See Id.* at 3-5). Further, to the extent that plaintiff alleges herein that he was forced to "accept a plea guilty" in one of his cases (*Id.* at 5), nothing in the Complaint shows that District Attorney Turner took any action or failed to take any action that he was legally required to do that caused plaintiff to feel compelled to enter a guilty plea.

Additionally, plaintiff's allegations regarding possible tampering with court records or altering transcripts are entirely conclusory and unsupported by any specific facts against District Attorney Turner. Such unsupported allegations, which are not entitled to a presumption of truth, are discounted while determining whether plaintiff's pleading alleges any plausible claim against District Attorney Turner. *See, e.g., Chavez*, 683 F.3d at 1108 ("a court discounts

conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible"). Further, to the extent that plaintiff is purporting to allege that District Attorney Turner deliberately or intentionally used fabricated statements made by the alleged "imposter" or "third party" against plaintiff, such action (even if clearly set forth in the pleading) does not defeat a prosecutor's absolute immunity from civil liability. *See, e.g., Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) ("A prosecutor is also absolutely immune from liability for the knowing use of false testimony at trial." (internal citations omitted)).

The Court notes that plaintiff's attachments in another one of the actions that he filed in this Court reflect that, on August 25, 2021, plaintiff was found "not competent to stand trial," and Dr. Cross recommended that plaintiff "be placed in an inpatient setting with an individualized competency restoration treatment plan." (Case No. 22-cv-01343, ECF No. 1 at 19-22). The Psychological Evaluation report that plaintiff attached to his Case No. 22-cv-01343 reflects that, during her evaluation of plaintiff, Dr. Cross reviewed documents from five separate criminal cases charging plaintiff with multiple counts. (*Id.* at 20-21). At the time that plaintiff filed all of the pending actions in this Court (and up to the date of this Report and Recommendation), plaintiff remains detained at the State Hospital.

Plaintiff's allegations that the District Attorney used an unidentified "third-party" to impersonate plaintiff at a Superior Court hearing, somehow causing plaintiff to later agree to enter a guilty plea to a case that already had been dismissed (*see, e.g.*, Compl. at 4-5, 8, 11, 17), are entirely insubstantial, fantastic, absurd, and frivolous. The Court disregards "unadorned, the-defendant-unlawfully-harmed-me" allegations. Keates, 883 F.3d at 1243.

Plaintiff's factual allegations are insufficient to raise a right to relief on any federal civil rights claim above the speculative level and are too incredible and insubstantial to raise a plausible claim invoking federal jurisdiction. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (a claim lacks an arguable basis in fact "when the facts alleged rise to the level of the irrational or the wholly incredible").

In summary, the Court finds that Plaintiff's claims are either jurisdictionally barred, conclusory and implausible, or otherwise frivolous.

### C. Leave to Amend is Futile

Because plaintiff is appearing pro se, the Court construes the allegations liberally and affords Plaintiff the benefit of the doubt. Nonetheless, the Court finds that Plaintiff will be unable to cure the basic flaws in this action because immunity bars Plaintiff's claims—even if plausible—against Defendant. Accordingly, providing plaintiff with leave to amend would be futile. *See, e.g., Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (a dismissal without further leave to amend is not an abuse of discretion when the court lacks subject matter jurisdiction). Moreover, any federal claim that plaintiff is purporting to raise lacks an arguable basis in either fact or law.

Accordingly, leave to amend would be futile.

## IV. DISPOSITION

Accordingly, the Court **REVOKES** Plaintiff's IFP Status and **DISMISSES THE ACTION WITH PREJUDICE**.

IT IS SO ORDERED.

DATED: October 26, 2022

*David O. Carter*

DAVID O. CARTER

UNITED STATES DISTRICT JUDGE